| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO. 4:11-CR-150(1) |
| | § | |
| CESAR ALBERTO PUENTE | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Cesar Alberto Puente's ("Puente") *pro se* Motion for Early Termination of Supervised Release (#147). After conducting an investigation, United States Pretrial and Probation Services ("Probation") issued a report recommending that Puente be continued on supervised release. Having considered the motion, Probation's recommendation, the record, and the applicable law, the court is of the opinion that the motion should be denied.

On August 11, 2011, a federal grand jury in the Eastern District of Texas returned a one-count Indictment charging Puente and three codefendants with Conspiracy to Possess With Intent to Distribute Marijuana, in violation of 21 U.S.C. § 846. On December 1, 2011, Puente pleaded guilty to the charged offense pursuant to a binding plea agreement. On November 14, 2012, the court sentenced Puente to 97 months' imprisonment, to be followed by a 4-year term of supervised release. Subsequently, on May 24, 2019, the court reduced Puente's sentence to 80 months pursuant to 18 U.S.C. § 3582(c)(2). Puente completed his term of imprisonment on May 30, 2019, at which time he commenced his term of supervised release. Puente's term of supervised release is scheduled to expire on May 29, 2023.

Title 18, United States Code, Section 3583(e) authorizes a district court to terminate supervised release at any time after the expiration of one year if, after considering the factors set

forth in Section 3553(a),[1] "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *accord United States v. Johnson*, 529 U.S. 53, 59-60 (2000); *United States v. Peters*, 856 F. App'x 230, 233 (11th Cir. 2021); *Herndon v. Upton*, 985 F.3d 443, 446 n.5 (5th Cir.), *cert. denied*, 142 S. Ct. 82 (2021); *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020); *United States v. Cochran*, 815 F. App'x 361, 363 (11th Cir. 2020); *United States v. Davies*, 746 F. App'x 86, 89 (3d Cir. 2018). District courts enjoy considerable discretion in determining when the interest of justice warrants early termination, and "courts have consistently declined to grant such relief just because the defendant has complied with his conditions." *United States v. McClain*, No. 99-CR-93, 2009 WL 854107, at *1 (E.D. Wis. Mar. 30, 2009); *see United States v. Berger*, No. CR 09-308, 2021 WL 2354517, at *5 (W.D. Pa. June 9, 2021); *United States v. Pittman*, No. 3:15-CR-221-O(1), 2020 WL 6564724, at *2 (N.D. Tex. Nov. 9, 2020); *United States v. Reed*, No. CR 15-100, 2020 WL 4530582, at *2 (E.D. La. June 5, 2020) ("Proof of compliance with the terms of supervised release does not equate to 'exceptionally good' behavior and does not, by itself, justify early termination."). Indeed, a defendant's "compliance with the terms of supervision and with the law is not enough to warrant termination; such conduct is expected and required." *United States v. Jones*, No. V-11-21, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013); *accord United States v.*

---

[1] Section 3553(a) directs courts to consider: the nature and circumstances of the offense and the defendant's history and characteristics; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to deter criminal conduct; the need to protect the public; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable Sentencing Commission guidelines and policy statements; any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to the victim. 18 U.S.C. § 3553(a).

*Taylor*, 729 F. App'x 474, 475 (7th Cir. 2018) ("[M]ere compliance with the terms of supervised release is expected, and without more, insufficient to justify early termination."); *Berger*, 2021 WL 2354517, at *5 ("Compliance with the conditions of supervision, including refraining from engaging in criminal conduct and paying restitution, however, is required behavior while serving a term of supervised release."); *United States v. Boudreaux*, No. 2:19-CR-00377-01, 2020 WL 7635708, at *1 (W.D. La. Dec. 22, 2020).

Nevertheless, in "cases with new or unforeseen circumstances, or where the defendant's behavior has been exceptionally good," the court may, at its discretion, choose to terminate a defendant's term of supervision. *McClain*, 2009 WL 854107, at *1; *see, e.g.*, *Melvin*, 978 F.3d at 53; *United States v. McClamma*, 676 F. App'x 944, 947 (11th Cir. 2017); *United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016); *Reed*, 2020 WL 4530582, at *2; *United States v. Cooks*, No. 07-303, 2018 WL 4005835, at *1 (W.D. Pa. Aug. 22, 2018) ("[E]arly termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it." (quoting *United States v. Laine*, 404 F. App'x 571, 573-74 (3d Cir. 2010))); *United States v. Robinson*, No. 2004-0005, 2016 WL 3702961, at *9-10 (D.V.I. July 7, 2016); *United States v. Longerbeam*, 199 F. Supp. 3d 1, 3 (D.D.C. 2016) ("[W]hile the Court commends defendant for his law-abiding conduct and personal successes, such activities are expected of a person on supervised release and do not amount to 'exceptionally good behavior' or 'something of an unusual or extraordinary nature in addition to full compliance.'" (quoting *United States v. Mathis-Gardner*, 783 F.3d 1286, 1289 (D.C. Cir. 2015))); *United States v. Etheridge*, 999 F. Supp. 2d 192, 196 (D.D.C. 2013) (noting that "even

perfect compliance with conditions of release does not qualify as 'exceptionally good behavior' warranting early termination").

Here, the court finds that Puente's post-release conduct does not warrant early termination of his supervised release. Although Puente provides the court with a list of commendable achievements and goals, he identifies no new or exceptional circumstances. Moreover, his personal belief that his post-release conduct is relevant does not merit early termination of his term of supervised release. Puente's offense of conviction entails his participation in a drug-trafficking conspiracy involving the distribution of between 700 and 1,000 kilograms of marijuana. Puente admitted that he possessed approximately 923 kilograms of marijuana that was intended for distribution, which he acquired as part of a controlled delivery in Lewisville, Texas. Puente's role in the conspiracy was to supply coconspirators with kilogram quantities of marijuana from various sources for distribution to others. Puente's criminal history includes prior convictions for possession of marijuana and conspiracy to possess with intent to distribute in excess of 5 kilograms of cocaine. Furthermore, at the time of his offense of conviction, Puente was on supervised release for his cocaine offense, which he violated by trafficking in marijuana. Thus, Puente has not demonstrated the ability to complete a court-ordered term of supervised release successfully. As recognized by Probation, "[t]here is reasonable concern that [Puente] could return to manufacturing and distributing controlled substances should he be released from supervision." Moreover, Puente has a history of substance abuse, including the regular use of alcohol, marijuana, and cocaine. Given the nature of his offense of conviction, his criminal history, his failure to comply with a previous term of supervised release, and his history of substance abuse, early termination of Puente's supervised release would not be in the interest of justice.

Puente's supervision is scheduled to expire on May 29, 2023. Although it appears that Puente is on the right track, the court believes that completion of his full term of supervised release appropriately reflects the seriousness of his crime, deters future criminal conduct, and provides needed structure for his continued rehabilitation. Accordingly, Puente's *pro se* Motion for Early Termination of Supervised Release (#147) is DENIED.

SIGNED at Beaumont, Texas, this 19th day of December, 2021.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE